CONERY, J.,
concurs in part and dissents in part.
_JjThe majority’s opinion adequately sets forth the procedural history, facts, and law applicable to this case. The manifest error rule applies and there is a reasonable factual basis in the record to affirm the trial court’s award of annual bonus payments as back wages, that portion of the expenses of CME and licenses renewed in 2011, attorney fees, litigation expenses, and costs. I concur with that portion of the majority’s opinion.
I disagree with the majority’s decision to reverse the trial court and award penalty wages pursuant to La. R.S. 23:632. The trial judge made specific factual findings as to the reason he denied penalties. .
However, because there are some litigation questions, some interpretation questions in figuring what was owed, and who owes what, whether — it’s a continuing — the defendants had a basis to question, to raise questions, and it’s legitimate questions, about what number should be used, should be used, should the number result, for instance, on the CME, of no reimbursement, or is it a twenty thousand dollar ($20,000) figure, as I found, or is it some other number? So there are legitimate issues that needed to be litigated[.]
I believe that there is a reasonable basis in the record to support the trial court’s ruling under the manifest error standard, and I would affirm his ruling to deny penalties.